1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| LENNIE DUCOS, an individual | Case No. 2:23-cv-02284-SB-PVCx |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| LOWE'S HOME IMPROVEMENT; and DOES 1 to 25, inclusive | |
| Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

1.  INTRODUCTION

     1.1   PURPOSES AND LIMITATIONS

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

     1.2   GOOD CAUSE STATEMENT

     Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).  In the instant matter, Defendant Lowe's Home Centers, LLC's Confidential Materials contain proprietary and confidential trade secret information relating to Defendant Lowe's Home Centers, LLC's business practices and its safety protocol. Defendant Lowe's Home Centers, LLC. ("Defendant" or "Lowe's") derives independent economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Materials.

     Defendant is a retailer in the home improvement industry and has conducted business in California since 1998.   The home improvement retail industry is very competitive.   As a result of years of investing time and money in research and

investigation, Defendant developed the policies contained in the Confidential Materials for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers.  These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees.  As a result, Defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Materials.  If disclosed to the public, the trade secret information contained in Defendant's Confidential Materials would reveal Defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages.  If Defendant's safety protocol were revealed to the general public, it would hinder Defendant's ability to effectively resolve and minimize liability claims, and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets.  Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

2.    DEFINITIONS

2.1    Action: Lennie Ducos v. Lowe's Home Improvement, et al., Case No. 2:23-cv-02284-SB-PVC.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under
this Order must take care to limit any such designation to specific material that
qualifies under the appropriate standards.  The Designating Party must designate for
protection only those parts of material, documents, items, or oral or written
communications that qualify so that other portions of the material, documents,
items, or communications for which protection is not warranted are not swept
unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber the case development process or to impose
unnecessary expenses and burdens on other parties) may expose the Designating
Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection, that Designating Party must
promptly notify all other Parties that it is withdrawing the inapplicable designation.

        5.2     Manner and Timing of Designations.  Except as otherwise provided in
this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated before the material is disclosed or
produced.

        Designation in conformity with this Order requires:

        (a)  for information in documentary form (e.g., paper or electronic documents,
but excluding transcripts of depositions or other pretrial or trial proceedings), that
the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
"CONFIDENTIAL legend"), to each page that contains protected material.  If only a
portion or portions of the material on a page qualifies for protection, the Producing

1    Party also must clearly identify the protected portion(s) (e.g., by making appropriate

2    markings in the margins).

3              A Party or Non-Party that makes original documents available for

4    inspection need not designate them for protection until after the inspecting Party has

5    indicated which documents it would like copied and produced. During the

6    inspection and before the designation, all of the material made available for

7    inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has

8    identified the documents it wants copied and produced, the Producing Party must

9    determine which documents, or portions thereof, qualify for protection under this

10   Order. Then, before producing the specified documents, the Producing Party must

11   affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

12   If only a portion or portions of the material on a page qualifies for protection, the

13   Producing Party also must clearly identify the protected portion(s) (e.g., by making

14   appropriate markings in the margins).

15          (b)  for testimony given in depositions that the Designating Party identify the

16   Disclosure or Discovery Material on the record, before the close of the deposition all

17   protected testimony.

18          (c)  for information produced in some form other than documentary and for

19   any other tangible items, that the Producing Party affix in a prominent place on the

20   exterior of the container or containers in which the information  is stored the legend

21   "CONFIDENTIAL."  If only a portion or portions of the information warrants

22   protection, the Producing Party, to the extent practicable, will identify the protected

23   portion(s).

24          5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

25   failure to designate qualified information or items does not, standing alone, waive

26   the Designating Party's right to secure protection under this Order for such material.

27   Upon timely correction of a designation, the Receiving Party must make reasonable

28

efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

    6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1    (i)  any mediator or settlement officer, and their supporting personnel,

2    mutually agreed upon by any of the parties engaged in settlement discussions.

3    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4    IN OTHER LITIGATION

5    If a Party is served with a subpoena or a court order issued in other litigation

6    that compels disclosure of any information or items designated in this Action as

7    "CONFIDENTIAL," that Party must:

8    (a)  promptly notify in writing the Designating Party. Such notification

9    will include a copy of the subpoena or court order;

10    (b)  promptly notify in writing the party who caused the subpoena or order

11    to issue in the other litigation that some or all of the material covered by the

12    subpoena or order is subject to this Protective Order.  Such notification will include

13    a copy of this Stipulated Protective Order; and

14    (c)  cooperate with respect to all reasonable procedures sought to be

15    pursued by the Designating Party whose Protected Material may be affected.

16    If the Designating Party timely seeks a protective order, the Party served with

17    the subpoena or court order will not produce any information designated in this

18    action as "CONFIDENTIAL" before a determination by the court from which the

19    subpoena or order issued, unless the Party has obtained the Designating Party's

20    permission.  The Designating Party will bear the burden and expense of seeking

21    protection in that court of its confidential material and nothing in these provisions

22    should be construed as authorizing or encouraging a Receiving Party in this Action

23    to disobey a lawful directive from another court.

24    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

25    PRODUCED IN THIS LITIGATION

26    (a)  The terms of this Order are applicable to information produced by a

27    Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

28    produced by Non-Parties in connection with this litigation is protected by the

1   remedies and relief provided by this Order.  Nothing in these provisions should be

2   construed as prohibiting a Non-Party from seeking additional protections.

3          (b)  In the event that a Party is required, by a valid discovery request, to

4   produce a Non-Party's confidential information in its possession, and the Party is

5   subject to an agreement with the Non-Party not to produce the Non-Party's

6   confidential information, then the Party will:

7              (1)  promptly notify in writing the Requesting Party and the Non-Party

8   that some or all of the information requested is subject to a confidentiality

9   agreement with a Non-Party;

10             (2)  promptly provide the Non-Party with a copy of the Stipulated

11  Protective Order in this Action, the relevant discovery request(s), and a reasonably

12  specific description of the information requested; and

13             (3)  make the information requested available for inspection by the

14  Non-Party, if requested.

15         (c)  If the Non-Party fails to seek a protective order from this court within

16  14 days of receiving the notice and accompanying information, the Receiving Party

17  may produce the Non-Party's confidential information responsive to the discovery

18  request.  If the Non-Party timely seeks a protective order, the Receiving Party will

19  not produce any information in its possession or control that is subject to the

20  confidentiality agreement with the Non-Party before a determination by the court.

21  Absent a court order to the contrary, the Non-Party will bear the burden and expense

22  of seeking protection in this court of its Protected Material.

23  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25  Protected Material to any person or in any circumstance not authorized under this

26  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

27  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

28  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

1    persons to whom unauthorized disclosures were made of all the terms of this Order,

2    and (d) request such person or persons to execute the "Acknowledgment and

3    Agreement to Be Bound" that is attached hereto as Exhibit A.

4    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

5    PROTECTED MATERIAL

6          When a Producing Party gives notice to Receiving Parties that certain

7    inadvertently produced material is subject to a claim of privilege or other protection,

8    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

9    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

10   procedure may be established in an e-discovery order that provides for production

11   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

12   (e), insofar as the parties reach an agreement on the effect of disclosure of a

13   communication or information covered by the attorney-client privilege or work

14   product protection, the parties may incorporate their agreement in the stipulated

15   protective order submitted to the court.

16   12.    MISCELLANEOUS

17         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

18   person to seek its modification by the Court in the future.

19         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

20   Protective Order no Party waives any right it otherwise would have to object to

21   disclosing or producing any information or item on any ground not addressed in this

22   Stipulated Protective Order. Similarly, no Party waives any right to object on any

23   ground to use in evidence of any of the material covered by this Protective Order.

24         12.3   Filing Protected Material.  A Party that seeks to file under seal any

25   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

26   only be filed under seal pursuant to a court order authorizing the sealing of the

27   specific Protected Material at issue.  If a Party's request to file Protected Material

28

1    under seal is denied by the court, then the Receiving Party may file the information

2    in the public record unless otherwise instructed by the court.

3    13.    FINAL DISPOSITION

4          After the final disposition of this Action, as defined in paragraph 4, within 60

5    days of a written request by the Designating Party, each Receiving Party must return

6    all Protected Material to the Producing Party or destroy such material.  As used in

7    this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8    summaries, and any other format reproducing or capturing any of the Protected

9    Material.  Whether the Protected Material is returned or destroyed, the Receiving

10   Party must submit a written certification to the Producing Party (and, if not the same

11   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

12   (by category, where appropriate) all the Protected Material that was returned or

13   destroyed and (2) affirms that the Receiving Party has not retained any copies,

14   abstracts, compilations, summaries or any other format reproducing or capturing any

15   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

16   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

17   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

18   reports, attorney work product, and consultant and expert work product, even if such

19   materials contain Protected Material.  Any such archival copies that contain or

20   constitute Protected Material remain subject to this Protective Order as set forth in

21   Section 4 (DURATION).

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    14.    Any willful violation of this Order may be punished by civil or criminal

2    contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

3    authorities, or other appropriate action at the discretion of the Court.

4

5    FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO

6    ORDERED.

7

8

9    DATED: August 9, 2023

10                                            HON. PEDRO V. CASTILLO
                                              United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND


I, _____ [**full name**], of

_____ [**full address**], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ **[date]** in the case of Lennie Ducos v. Lowe's Home

Improvement, et al., Case No. 2:23-cv-02284-SB-PVC. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full**

**name**] of _____ [**full address and**

**telephone number**] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where signed: _____


Printed name: _____


Signature: _____

15